Argued July 20, affirmed September 21, petition for rehearing denied October 14, petition for review denied December 29, 1971

CITY OF PORTLAND (No. C-60904), *Respondent,*
*v.* RICHARD WILHO JUNTUNEN, *Appellant.*

488 P2d 806

*Roger D. Wallingford,* Portland, argued the cause for appellant. With him on the brief were Norman L. Lindstedt, Buss, Leichner, Lindstedt & Barker, and Ail & Luebke, Portland.

*Michael E. Clift,* Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief was Marian C. Rushing, City Attorney, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

## SCHWAB, C. J.

Defendant was charged with being intoxicated upon a public street in violation of a Portland city ordinance. A trial in the Portland Municipal Court resulted in conviction. Defendant then appealed to the Multnomah County Circuit Court, and after a trial *de novo* was again convicted.

Although the city ordinance apparently contains no definition of intoxication, defendant concedes he was intoxicated at the relevant time and place. Defendant's contention is that his chronic alcoholism is a disease, and that it is therefore cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution to convict him for the crime of public drunkenness.

The record in this case presents a pathetic story, both specifically as to defendant's problems with alcohol and generally as a commentary on the severe social problem of alcoholism. A series of medical witnesses, some who had treated defendant and others testifying as experts, described alcoholism in general and defendant's specific problems as a disease. Viewing this testimony in the light most favorable to defendant, the essence of it was that defendant is psychologically and physically addicted to alcohol, that is, that he is powerless to stop drinking by the use of free will. In the view of these witnesses, defendant's intoxication is merely a symptom of that disease.

Defendant testified that he was 50 years old and had been drinking every day for more than 30 years, except for periods of time when he was in jail or in the hospital. Defendant testified that he had been arrested for petty offenses involving drinking between 400 and 600 times. He had participated in various

treatment programs, but none had been successful in curing his alcoholism.

We would be more than callous to not concede that this record presents a moving story. The only question for our determination, however, is whether punishing an alcoholic for his appearances in public while drunk is a cruel and unusual punishment, forbidden by the Eighth and Fourteenth Amendments to the United States Constitution. Based on the authority of *Powell v. Texas,* 392 US 514, 88 S Ct 2145, 20 L Ed 2d 1254 (1968), we conclude that it is not.

*Powell* involved the same charge of public intoxication and the same constitutional challenges that defendant now makes. The five justices voting to affirm assumed, with little discussion, that punishing an alcoholic merely for being intoxicated would be unconstitutional. *Powell v. Texas,* supra, 392 US at 532 (plurality opinion by Mr. Justice Marshall); 392 US at 540, 541-42 (concurring opinion by Mr. Justice Black); 392 US at 549 (concurring opinion by Mr. Justice White). However, the Court then noted that the offense in question contained the additional element of being intoxicated *in public.* See especially concurring opinion of Justice White, 392 US at 548-54. Thus, the specific question becomes whether it is a symptom of the disease of alcoholism to be drunk *in public,* as distinguished from drunk elsewhere.

The instant record is inadequate on this question. Although there was extensive expert medical testimony that defendant was unable to control his drinking, there was little testimony as to defendant's powers to abstain from appearing in public while intoxicated. With the exception of defendant himself, none of the witnesses called on his behalf could relate anything

about his mental state or physical condition on the day of his arrest.

And defendant's testimony does not establish that he was unable to avoid appearing in public while drunk. He testified that on the date in question he knew he was intoxicated, knew he was on a public street, knew it was wrong to be there, was physically able to return to his hotel room, but did not want to return because he was bored with his room.

We find this record too inconclusive to justify the adoption of the constitutional rule urged by defendant.

We note that arguments similar to those here advanced by defendant have prevailed in the legislature. Under the terms of Oregon Laws 1971, ch 622, the legislature has made a finding that

"* * * alcoholism is an illness. The alcoholic is a sick person and should be afforded treatment for his illness." (Section 1.),

and provided that

"No political subdivision in this state shall adopt any local law, ordinance, resolution or regulation that makes any of the following an offense, a violation or the subject of criminal or civil penalties or sanctions of any kind:

"(a) Public intoxication * * * *.①
"* * * * *." (Section 3.),

and established a variety of treatment programs for alcoholism. Once this legislation becomes effective, hopefully the emphasis on treatment will go further in solving the problems of alcoholism than has been past experience with the emphasis on criminal sanctions.

Affirmed.

---

① Oregon Laws 1971, ch 743, Section 221, provides certain exceptions to this prohibition.